IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WARDEIN, *as legal guardian of* *Robert Wardein,*  )<br>)<br>   Plaintiff,   )<br>)<br>   v.   )<br>)<br>STEARNS NURSING AND )<br>REHABILITATION CENTER, LLC, )<br>AURORA CARES, LLC, GRANITE )<br>NURSING AND REHABILITATION )<br>CENTER, LLC, D & N, LLC, DTD HC, LLC, )<br>NORBERT A. BENNETT, and DONALD )<br>DENZ,   )<br>)<br>   Defendants.   ) | Case No. 3:14-cv-524-MJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Quash Subpoena filed by Defendant, Stearns Nursing and Rehabilitation, LLC ("Stearns"), on September 3, 2014 (Doc. 34). For the reasons set forth below, the Motion is **DENIED**.

Plaintiff served a subpoena on a third party, the Illinois Department of Financial and Professional Regulations ("IDFPR"), seeking documents regarding Brent M. Hoffman, also a third party to this litigation and an employee of Stearns. The documents were to be produced on September 26, 2014. The IDFPR has not sought, in this lawsuit, to quash the subpoena; however, Stearns argues that the documents are irrelevant to the issues before the Court. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). The only interests that Stearns appears to have are that Mr. Hoffman is its employee and the

information Plaintiff seeks is irrelevant to this lawsuit. The Court finds that Stearns does have standing to challenge this subpoena given its relationship to Mr. Hoffman.

In this lawsuit, Plaintiff is alleging that while he was residing in a nursing home, operated by Stearns, he was neglected in violation of state law. Mr. Hoffman is the managing employee of the nursing home and presumably responsible for patient care and treatment. Information concerning Mr. Hoffman, and any disciplinary action that may have been taken against him by the State of Illinois in his capacity as a manager of a nursing home, is relevant to this suit. The request also does not appear to be overly-broad in light of the organization to which it is directed. The Court assumes that the Illinois Department of Financial and Professional Regulation would only maintain documents related to Mr. Hoffman's licensure.

The Motion to Quash is accordingly **DENIED** (Doc. 34).

**IT IS SO ORDERED.**

**DATED: October 31, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**