IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *DEBORAH WARDEIN, as Administrator of the Estate of ROBERT WARDEIN,*  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>*STEARNS NURSING AND REHABILITATION CENTER, LLC AND AURORA CARES, LLC,*  )<br>)<br>)<br>)<br>Defendants.  )<br>) | Cause No. 14-cv-00524-MJR-DGW<br><br>CJRA TRACK: B<br><br>PRESUMPTIVE TRIAL MONTH:<br>October 2015 |

## **PROTECTIVE ORDER**

Stearns Nursing and Rehabilitation Center, LLC ("Stearns") seeks entry of a Protective Order relative to its written policies and procedures produced in this matter. A Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure, and the Court being otherwise fully advised in the premises, it is hereby ordered:

1. Plaintiff requested the following Stearns' Policies and Procedures:

**Approval of New Policies & Procedures, Abuse Prevention, Accident and Incident Documentation & Investigation, Advance Directives, Do Not Resuscitate, Ambulance Transport/Requisition, Complaint, Grievance, Daily Care Guide/Pocket Care Guide, Daily Unit Management, Flagging the Medical Record for Interdisciplinary Communication, Laboratory Tests, Medical Records, Notification of a Change in a Resident's Status-Physician & Responsible Party, Privacy Policy, Access by Third Party, Telephone Orders, Twenty-Four Hour Report, X-Ray & Diagnostic Tests, Resident Care Questionnaire, Admission/Readmission Orders, Admission Policy, Discharge and Transfer Policies-Involuntary, Resident Transfer Form, Discharge Summary/Instructions, Emergency Transfer Procedures, Non-thermal Ultrasound, Occupational Therapy, Occupational Therapy Services, Physical Therapy, Physical Therapy Services, Podiatry, Speech/Language Pathology Services, Speech/Language Pathology, Thermal Ultrasound, Ultrasound, Acceptable Abbreviations, Admission/Readmission Evaluation, care Plans, Interdisciplinary Care Plan Meeting, Consultant Physicians, First Aid Treatment Procedure, Neurological Assessment, Hypoglycemia, Risk Assessments, Hot Rack Charting, Intake & Output Measurement, MDS Assessment, MDS Submission Policy, MDS Correction Policy, Pain Assessment/Management, Vital Signs, AM Care,**

**Fingernail/Toenail Care, Log Rolling, PM Care, Visitors, Water Pitchers/Water Glasses, Management of Communicable Diseases, Standard Precautions, Contact Precautions, Multi Drug Resistant Organisms, ARJO Maxi Lift/Marissa Lift, ARJO Sara 2000 Lift, Transfer Screen, Meal/Fluid Intake, House Supplement, Weights, Behavior Management Protocol, Physician's Order for a Physical Restraint Device, Restraint/Reduction Assessment, Behavior/Gradual Dose Reduction Tracking, Preventive Skin Care, Turning and Positioning, Weekly Skin Assessment, Assessment and Treatment of Pressure Ulcers & Skin Conditions/Guide for Wound Assessment & Documentation, Wound Care Treatment Protocol, Treatment of Skin Tears, Perineal Care for Incontinent Residents, Dressing Change, Nothing by Mouth, Tube Feeding, Physician Order for Tube Feeding, Glucose Monitoring, Nursing Rehabilitation/Restorative Care, Illinois Specific Restorative and Rehabilitation Program, Social Services, Social History/Psychosocial Assessment, Family Council, Activities & Social Events, Activities/Recreation Services Assessment, Activities/Recreation Program Calendar, Activities/Recreation Program Categories, Activities/Recreation Program Planning Considerations, Activities/Recreation Services Participation Record, Resident Council, Medical Staff Policies and Procedures, Medical Director, Structure of the Medical Staff, Medical Staff-Primary Care, Medical Staff-Consultant, Medical Staff Credentialing and Privileging, Protection of Peer Review, Quality Assurance Program.**

  2. Stearns agrees to produce these written Policies to Plaintiff. These written Policies and Procedures shall be maintained in confidence by Plaintiff's counsel and Defendants' counsel and shall not be disclosed to any person except:

    a. Plaintiff's attorneys and Defendants;

    b. This Court and its officers;

    c. Stenographic reporters;

    d. Counsel for Plaintiff and Defendants;

    e. Employees of counsel;

    f. Experts retained in this litigation; and

    g. Employees and former employees of Stearns Nursing and Rehabilitation Center who are deposed.

  3. Except as otherwise provided by this Order or by further order of the Court, the protected documents that are produced in this case shall be used for no purpose other than

prosecuting or defending the above-captioned proceeding and shall be disclosed only to the persons identified in Paragraph 2, and they shall not be used in any other civil case, criminal case, litigation, or matter.

4. Individuals or entities permitted access to protected documents pursuant to Paragraph 2 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

5. Any party may apply to the Court for relief from, or modification of, this Order.

6. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

7. This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

8. Following the termination of this litigation, whether by final judgment and appeal or by settlement, counsel for the Plaintiff shall destroy or return the protected documents.

9. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.

10. In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009). Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record and/or stricken.

11. Anyone with knowledge of the contents of this order shall be bound by its terms.

**IT IS SO ORDERED.**

**DATED: April 30, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**