IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBORAH WARDEIN, *as Administrator of*  )
*the Estate of Robert Wardein*,           )
                                          )
    Plaintiff,                            )
                                          )  Case No. 3:14-cv-524-MJR-DGW
  v.                                      )
                                          )
STEARNS NURSING AND                       )
REHABILITATION CENTER, LLC., and          )
AURORA CARES, LLC,                        )
                                          )
    Defendants.                           )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Strike Plaintiff's Rebuttal Expert Witness Disclosure filed by Defendants, Stearns Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC, on July 6, 2015 (Doc. 83). For the reasons set forth below, the Motion is **GRANTED**.

On June 22, 2015, this Court denied, with prejudice, Plaintiff's disclosure of Dr. David W. Seignious as an expert witness because the disclosure was untimely (Doc. 81). On July 2, 2015, Plaintiff served a rebuttal expert disclosure, along with an expert report, a curriculum vitae, and a list of evidence reviewed, of Dr. Seignious. This disclosure was made within 30 days of Defendant's June 2, 2015 expert disclosures, but after the June 8, 2015 discovery deadline and the June 23, 2015 dispositive motion filing deadline (Doc. 68).

The adopted joint report of parties in this matter did not set a deadline for the disclosure of rebuttal experts (Doc. 68). Accordingly, in making her disclosures, Plaintiff relies on Federal Rule of Civil Procedure 26(a)(2)(D) which provides:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> ***
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Plaintiff states that because there is no order of this Court or other agreement, her disclosure of Dr. Seignious as a rebuttal expert is timely. Defendants, however, contend that the disclosure was made after the discovery deadline (therefore untimely), that the scheduling order did not provide for rebuttal experts, and that Plaintiff is merely attempting to circumvent this Court's previous Order denying leave to untimely disclose Dr. Seignious as an expert in her case-in-chief.

Plaintiff's disclosure of Dr. Seignious is untimely and does appear to be an attempt to circumvent this Court's previous Order. In the case cited by Plaintiff, *Frerck v. Pearson Education, Inc.*, for the proposition that if a scheduling order is silent on the deadline for rebuttal witnesses, the deadline in Rule 26(a)(2)(D)(ii) governs, Magistrate Judge Geraldine Soat Brown also stated:

> A party may not 'offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief.' [*Noffsinger v. The Valspar Corp.*, No. 09 C 916, 2011 WL 9795 at 6 (N.D. Ill. Jan 3, 2011]. 'The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief.' *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996).
>
> *Id*. 2014 WL 477419, *2 (N.D. Ill. Feb. 6, 2014).[1]

As noted in Plaintiff's response to the Motion for Summary Judgment (Doc. 87), Plaintiff must show causation in order to prevail on her claims. In her previous motion (Doc. 73), Plaintiff was made aware of Defendants' intent to challenge causation as early as May 15, 2015, if not earlier

---

[1] The Seventh Circuit went on to state, "Otherwise the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff put in his." *Braun*, 84 F.3d 237.

(Doc. 73, p. 5) – hence, Plaintiff sought to disclose Dr. Seignious as an expert in her case-in-chief. Thus, Plaintiff cannot now argue that Dr. Seignious' evidence was "intended *solely* to contradict or rebut evidence on the same subject matter . . ." It is only now, because Plaintiff was untimely in her initial disclosure, that she seeks to present Dr. Seignious as a rebuttal expert witness. Reliance on Rule 26 cannot save Plaintiff from a clear circumvention of this Court's previous Order. *See Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995) (stating, in a not dissimilar context, that "[i]t should have been clear to plaintiffs from the outset that [ ] [the witness'] testimony . . . might be significant; their failure to name him at the appropriate time cannot be laid at anyone else's doorstep").

In any event, the discovery deadline in this matter was June 8, 2015, well before Plaintiff disclosed her rebuttal expert. By that date, *all* discovery should be completed, including expert discovery, rebuttal or otherwise. Plaintiff has presented no cause, good or otherwise, or substantial justification for her late disclosure; thus, exclusion is mandatory. FED.R.CIV.P. 37(c)(1). Moreover, Defendants would be prejudiced by the late disclosure of Dr. Seignious – not only are they unable to depose Dr. Seignious because of the expiration of the discovery deadline, but they also cannot file a *Daubert* challenge, which, according to Chief Judge Reagan's case management procedures, should have been filed by the June 23, 2015 dispositive motion filing deadline. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Plaintiff's rebuttal expert witness disclosure, Dr. Seignious, is hereby **STRICKEN**.

**IT IS SO ORDERED.**

**DATED: September 22, 2015**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**